IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Cordell Johnson, | ) |
|       Plaintiff, | ) ) ) |
| v. | ) Case No.16-cv-00173 ) |
| LVNV Funding, LLC and Weltman, Weinberg & Reis Co., LP.A., | ) Judge: Elaine E. Bucklo ) ) ) |
|       Defendants. | ) ) |

**DEFENDANT LVNV'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant, LVNV Funding, LLC ("Defendant" or "LVNV"), by and through its undersigned attorneys, in answer to Plaintiff's Complaint, states as follows:

**VENUE AND JURISDICTION**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331, and pursuant to 28 U.S.C. § 1367 as to Plaintiff's state law claim(s).

**ANSWER:** **Defendant admits that Plaintiff brings this action for damages for purported violations of the FDCPA but denies that Plaintiff has any such claims herein. Defendant admits that this Court generally has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.**

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

**ANSWER:** **Defendant does not contest venue.**

**PARTIES**

3. Cordell Johnson ("Plaintiff") is a resident of the state of Illinois from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Credit One Bank N.A. consumer credit account. Plaintiff is thus a consumer as that term is

defined in 15 U.S.C. § 1692a(3) of the FDCPA, and a "debtor" as that term is defined in 225 ILCS 425/2 of the Illinois Collection Agency Act.

**ANSWER:** **Upon information and belief, Defendant admits that Plaintiff is the Plaintiff in this lawsuit and that Defendant Weltman attempted to collect Plaintiff's outstanding financial obligation originally owed to Credit One Bank N.A. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in this paragraph.**

4. Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. LVNV operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

**ANSWER:** **Defendant admits that it is a Delaware limited liability company. Defendant denies the remaining allegations in this paragraph.**

5. LVNV is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.

**ANSWER:** **Defendant admits that it acquires portfolios of consumer debts. Defendant denies the remaining allegations in this paragraph.**

6. LVNV is authorized to conduct business in Illinois, and maintains a registered agent here. In fact, Defendant LVNV conducts business in Illinois. (Exhibit A, Record from the Illinois Secretary of State).

**ANSWER:** **Defendant admits it is authorized to do business in Illinois, it has a registered agent and it denies the remaining allegations in this paragraph.**

131282628v1 0982499

7. Moreover, Defendant LVNV is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation. (Exhibit B, Record from Illinois Division of Professional Regulation).

**ANSWER:** **Defendant admits the allegations in this paragraph.**

8. In fact, Defendant LVNV acts as a debt collection agency in Illinois, as it regularly collects defaulted consumer debts.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

9. Defendant Weltman, Weinberg & Reis Co., LPA ("Weltman"), is an Ohio corporation and collection law firm with offices in the city of Chicago, and at all relevant times was a "debt collector" as defined by and within the meaning of 15 U.S.C. § 1692a(6).

**ANSWER:** **Defendant admits that Weltman is a law firm with an office in Chicago. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in this paragraph and therefore denies those remaining allegations.**

10. Weltman is engaged in the business of collecting consumer debts in Illinois, where it regularly collects or attempts to collect debts owed or due, or asserted to be owed or due another, and whose principal purpose is the collection of delinquent consumer debts using the mails and telephone.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

11. Weltman is authorized to conduct business in Illinois, and maintains a registered agent here. In fact, Defendant Weltman conducts business in Illinois. (Exhibit C, Record from the Illinois Secretary of State).

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

## FACTUAL ALLEGATIONS

12.     Plaintiff allegedly incurred a debt for goods and services used for personal purposes, originally for a Credit One Bank N.A. consumer credit card account ("alleged debt"). The alleged debt is a "debt" as that term is defined at § 1692a(5) of the FDCPA.

**ANSWER:     Defendant admits that Plaintiff incurred an outstanding financial obligation originally owed to Credit One Bank N.A.  Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in this paragraph.**

13.     Due to her financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

14.     Credit One charged off the account in February of 2015. (Exhibit D, Excerpt of TransUnion Credit Report showing Credit One's tradeline).

**ANSWER:     Upon information and belief, Defendant admits that Plaintiff's account was charged off in January 2015.  Defendant denies the remaining allegations in this paragraph.**

15.     LVNV subsequently purchased the debt.

**ANSWER:     Defendant admits that it acquired Plaintiff's outstanding financial obligation.**

16.     LVNV then assigned the debt for collection to Defendant Weltman.

**ANSWER:     Defendant denies the allegations in this paragraph.**

17.     On or about September 9, 2015, Weltman filed a complaint against Plaintiff to collect the alleged debt, styled LVNV Funding LLC v. Cordell Johnson, Case No. 15-M1-121340, in the Circuit Court of Cook County, First Municipal District ("State Action"). (Exhibit E, Complaint from State Action).

5

**ANSWER:** **Upon information and belief, Defendant admits the allegations in this paragraph.**

18. Weltman served the complaint in the State Action upon Plaintiff at her home on October 4, 2015.

**ANSWER:** **Upon information and belief, Defendant admits the allegations in this paragraph.**

19. The complaint conveyed information regarding a debt directly to Plaintiff, including an alleged balance, and the identity of the original creditor.

**ANSWER:** **Defendant denies the allegations of this paragraph.**

20. Thus, the complaint was a "communication" as that term is defined at §1692a(2) of the FDCPA.

**ANSWER:** **Defendant denies the allegations of this paragraph.**

21. Attached to the complaint was an affidavit executed by Matt Summers. (Ex. E, Complaint).

**ANSWER:** **Upon information and belief, Defendant admits the allegations in this paragraph.**

22. Matt Summers was purportedly an Authorized Representative of LVNV Funding LLC.

**ANSWER:** **Upon information and belief, Defendant admits the allegations in this paragraph.**

23. LVNV directed and ratified all actions taken by its Authorized Representative.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

24. The affidavit asserted a balance owing of $1251.65 as of July 13, 2015. (Ex. E, Complaint).

**ANSWER:** **Upon information and belief, Defendant admits the allegations in this paragraph.**

5

131282628v1 0982499

25. The affidavit additionally asserted that "legally permissible interest" was owed.

**ANSWER:** **Defendant admits that the allegations in this paragraph purport to quote the affidavit but denies that it accurately characterizes its nature and scope.**

26. LVNV had no statutory nor contractual right to collect interest from Plaintiff on the alleged debt.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

27. In fact, LVNV has not added any interest to the balance since purchasing the alleged debt in February, 2015. (Exhibit F, Excerpt of Plaintiff's Experian credit report showing LVNV's tradeline).

**ANSWER:** **Defendant admits the allegations in this paragraph.**

28. To date, LVNV alleges a balance due and owing of $1251.65.

**ANSWER:** **Defendant admits the allegations in this paragraph.**

29. LVNV did not intend to add any interest to the alleged debt at the time that its Authorized Agent stated that interest was due and owing.

**ANSWER:** **Defendant denies that its authorized agent stated that interest was due and owing. Defendant denies the remaining allegations in this paragraph.**

30. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (2)(A) The false representation of the character, amount, or legal status of any debt; or…**

**(5) The threat to take any action that cannot legally be taken or that is not intended to be taken…**

**ANSWER:** **Defendant admits that the allegations in this paragraph purport to quote the FDCPA but denies that Plaintiff has any such claim herein.**

6

31. Defendants misrepresented the character of the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(2)(a), when they falsely stated that "legally permissible interest" may continue to accrue on the alleged debt.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

32. Defendants threatened to take an action they could not legally take, in violation of 15 U.S.C. §1692e(5) when they threatened to add "legally permissible interest" to the alleged debt.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

33. Defendants further threatened to take an action they did not intend to take, also in violation of 15 U.S.C. §1692e(5) when it threatened to add "legally permissible interest" to the alleged debt.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

34. Attached to the complaint was an Account Summary Report ("Statement"). (Ex. E., Complaint).

**ANSWER:** **Upon information and belief, Defendant admits the allegations in this paragraph.**

35. The Statement states, "Because interest, payments, credits, and permissible charges can continue to cause the account balance to vary from day to day, authorized persons may contact us at 1-866-665-0374 to obtain up-to-date balance information."

**ANSWER:** **Upon information and belief, Defendant admits the allegations in this paragraph.**

36. Defendants were not authorized to add interest to Plaintiff's account when the complaint was filed, as collection of those charges was not authorized by any agreement or allowed by law.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

37. Defendants were not authorized to add "permissible charges" to Plaintiff's account when the complaint was filed, as collection of additional charges was not authorized by any agreement or allowed by law.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

38. Thus, there were no "permissible" charges.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

39. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (2)(A) The false representation of the character, amount, or legal status of any debt; or…**

**(5) The threat to take any action that cannot legally be taken or that is not intended to be taken…**

**ANSWER:** **Defendant admits that the allegations in this paragraph purport to quote the FDCPA but denies that Plaintiff has any such claim herein.**

40. Defendants LVNV and Weltman misrepresented the character of the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(2)(a), when they falsely stated that interest and permissible charges may continue to accrue on the alleged debt.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

41. Defendants threatened to take an action they could not legally take, in violation of 15 U.S.C. §1692e(5)when they threatened to add interest and permissible charges to the alleged debt.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

131282628v1 0982499

42. Defendants further threatened to take an action they did not intend to take, also in violation of 15 U.S.C. §1692e(5)when they threatened to add interest and permissible charges to the alleged debt.

**ANSWER:    Defendant denies the allegations in this paragraph.**

43. 15 U.S.C. § 1692f of the FDCPA provides as follows:

**Unfair Practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

**ANSWER:    Defendant admits that the allegations in this paragraph purport to quote the FDCPA but denies that Plaintiff has any such claim herein.**

44. Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f, when they threatened to collect interest and other permissible charges where it did not have the legal right to do so.

**ANSWER:    Defendant denies the allegations in this paragraph.**

45. In response to collection attempts by Defendant, Plaintiff consulted with the attorneys at Wood Finko & Thompson PC, who, on October 15, 2015, sent a written communication to LVNV indicating that Plaintiff disputed the alleged debt at Plaintiff's direction. (Exhibit G, Dispute Letter).

**ANSWER:    Defendant admits that its master servicer, Resurgent Capital Services, received correspondence from Wood Finko & Thompson PC on or about October 15, 2015. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in this paragraph.**

46. Plaintiff's letter stated, in part, that she refused to pay this debt, and that the amount reported was not accurate.

**ANSWER:    Upon information and belief, Defendant admits the allegations in this paragraph.**

9

47. A statement that "the amount reported is not accurate" evinces the intention to dispute the validity of at least a portion of the purported debt. *Emerson v. Fid. Capital Holdings, Inc.*, No. 15 C 3416, 2015 WL 5086458, at *2 (N.D. Ill. Aug. 14, 2015).

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

48. LVNV received Plaintiff's letter on October 15, 2015.

**ANSWER:** **Upon information and belief, Defendant admits that its master servicer, Resurgent Capital Services, received Plaintiff's letter on or about October 15, 2015. Defendant denies the remaining allegations in this paragraph.**

49. Plaintiff subsequently purchased a new credit report in December of 2015, and LVNV communicated credit information regarding the alleged debt to the Experian consumer reporting agency, including a balance, an account number and the open date. (Ex. F, Experian).

**ANSWER:** **Defendant admits that credit information was reported to Experian regarding Plaintiff in November 2015. Defendant denies that it reported that information. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

50. LVNV communicated a balance of $1,252 on the alleged debt to Experian.

**ANSWER:** **Defendant admits that credit information reporting a balance of $1252 was reported to Experian regarding Plaintiff in November 2015. Defendant denies the remaining allegations in this paragraph.**

51. LVNV failed to communicate that Plaintiff's alleged debt was disputed when it communicated other information to Experian regarding the alleged debt in November, 2015.

**ANSWER:** **Defendant admits the allegations in this paragraph.**

52. Credit reporting by a debt collector constitutes an attempt to collect a debt. *See, e.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a

consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

**ANSWER:** **This paragraph contains legal conclusions to which no response is required.**

53. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

**ANSWER:** **Defendant admits that the allegations in this paragraph purport to quote the FDCPA but denies that Plaintiff has any such claim herein.**

54. Before November 2015, LVNV knew or should have known that Plaintiff had disputed the alleged debt because Plaintiff had previously notified LVNV of that dispute by letter on October 15, 2015.

**ANSWER:** **Defendant admits that its master servicer, Resurgent Capital Services, received Plaintiff's letter on or about October 15, 2015. Defendant denies the remaining allegations in this paragraph.**

55. Even though LVNV knew or should have known, prior to December 2015, that Plaintiff disputed owing the alleged debt, LVNV failed to thereafter communicate the fact of Plaintiff's dispute to the Experian credit reporting agency when LVNV communicated other information regarding the alleged debt, in violation of 15 U.S.C. § 1692e(8).

**ANSWER:** **Defendant admits that its master servicer, Resurgent Capital Services, received Plaintiff's letter on or about October 15, 2015. Defendant denies the remaining allegations in this paragraph.**

11

131282628v1 0982499

56. 225 ILCS 425/9 of the Illinois Collection Agency Act provides as follows:

> **. . . (22) Disclosing or threatening to disclose information concerning the existence of a debt which the collection agency knows to be disputed by the debtor without disclosing the fact that the debtor disputes the debt. . . .**

**ANSWER:** **Defendant admits that the allegations in this paragraph purport to quote the ICAA but denies that Plaintiff has any such claim herein.**

57. LVNV disclosed information concerning the existence of a debt which they knew to be disputed without disclosing the fact that Plaintiff disputes the debt, in violation of 225 ILCS 425/9 of the Illinois Collection Agency Act.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

58. A private right of action exists for violation of the ICAA. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

**ANSWER:** **Defendant admits that the allegations in this paragraph purport to quote the ICAA but denies that Plaintiff has any such claim herein.**

59. In fact, statutes providing for administrative remedies (e.g. the revocation of a license, etc.) imply civil rights of action in Illinois. *Trull v. GC Servs. Ltd. P'ship*, 961 F. Supp. 1199, 1206 (N.D. Ill. 1997).

**ANSWER:** **Defendant admits that the allegations in this paragraph purport to quote the ICAA but denies that Plaintiff has any such claim herein.**

60. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. *See Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

**ANSWER:** **Defendant admits that the allegations in this paragraph purport to quote the law.**

### COUNT I—FAIR DEBT COLLECTION PRACTICES ACT—LVNV AND WELTMAN

61. Plaintiff re-alleges above paragraphs as if set forth fully in this count.

**ANSWER:** **Defendant re-states its response to all prior paragraphs of its Answer as though fully set forth herein.**

62. Defendants misrepresented the character of the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(2)(a), when they falsely stated that "legally permissible interest" may continue to accrue on the alleged debt.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

63. Defendants threatened to take an action they could not legally take, in violation of 15 U.S.C. §1692e(5)when they threatened to add "legally permissible interest" to the alleged debt.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

64. Defendants further threatened to take an action it did not intend to take, also in violation of 15 U.S.C. §1692e(5)when it threatened to add "legally permissible interest" to the alleged debt.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

65. Defendants misrepresented the character of the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(2)(a), when they falsely stated that interest and permissible charges may continue to accrue on the alleged debt.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

66. Defendants threatened to take an action they could not legally take, in violation of 15 U.S.C. §1692e(5)when they threatened to add interest and permissible charges to the alleged debt.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

67. Defendants further threatened to take an action they did not intend to take, also in violation of 15 U.S.C. §1692e(5)when they threatened to add interest and permissible charges to the alleged debt.

**ANSWER:** **Defendont denies the allegations in this paragraph.**

13

68. Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f, when they threatened to collect interest and other permissible charges where it did not have the legal right to do so.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

69. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorney fees.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

### COUNT II—FAIR DEBT COLLECTION PRACTICES ACT—LVNV

70. Plaintiff re-alleges above paragraphs as if set forth fully in this count.

**ANSWER:** **Defendant re-states its response to all prior paragraphs of its Answer as though fully set forth herein.**

71. LVNV failed to communicate the fact of Plaintiff's dispute to the Experian credit reporting agency when LVNV communicated other information regarding an alleged debt, in violation of 15 U.S.C. § 1692e(8).

**ANSWER:** **Defendant denies the allegations in this paragraph.**

72. As a result of LVNV's violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorney fees.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

### COUNT III—ILLINOIS COLLECTION AGENCY ACT—LVNV

73. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

**ANSWER:** **Defendant re-states its response to all prior paragraphs of its Answer as though fully set forth herein.**

74. LVNV disclosed information concerning the existence of a debt which it knew to be disputed without disclosing the fact that Plaintiff disputes the debt, in violation of 225 ILCS 425/9 of the Illinois Collection Agency Act.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

**ANSWER:** Defendant denies the allegations in this paragraph.

## AFFIRMATIVE DEFENSES

Defendant, LVNV FUNDING, LLC, by and through its undersigned counsel, and for its Affirmative Defenses to Plaintiff's Complaint, states as follows:

1. Defendant affirmatively states that any violation of the Fair Debt Collection Practices Act was not intentional and would have resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error. These procedures and protocols are reasonably adapted to avoid a violation of the Fair Debt Collection Practices Act, such as the one alleged in this case.

2. If Defendant is found to be vicariously responsible for the alleged conduct of any other party, Defendant is entitled to rely upon the bona fide error defense of that other party as its own affirmative defense.

3. Plaintiff fails to state a claim, as a matter of law.

4. Plaintiff's claim is barred by whole or in part by the applicable statute of limitations.

5. Defendant affirmatively states that the Complaint, and each cause of action alleged therein against LVNV, is barred by the doctrines of estoppel and waiver.

6. Defendant affirmatively states that Plaintiff has not incurred an injury in fact, and Plaintiff does not therefore have standing under Article III of the United States Constitution to bring the instant claims.

7. Defendant asserts that, upon information and belief, arbitration may be the appropriate venue for Plaintiff's claims. Defendant may possess certain arbitration rights based on one or more contracts entered into by Plaintiff. As such, this matter may be precluded from proceeding within the United States District Court.

WHEREFORE, Defendant LVNV FUNDING, LLC, prays that Plaintiff's Complaint be dismissed with prejudice, for its attorney's fees and costs incurred herein, and for such further and other relief as the Court deems just and equitable.

> Respectfully submitted,
>
> HINSHAW & CULBERTSON LLP
>
> /s/Katherine H. Oblak
> Katherine H. Oblak

131282628v1 0982499

David M. Schultz
Nabil G. Foster
Katherine H. Oblak
Hinshaw & Culbertson LLP
222 North LaSalle Street
Suite 300
Chicago, IL 60601-1081
Telephone:312-704-3000
Facsimile:312-704-3001
dschultz@hinshawlaw.com
nfoster@hinshawlaw.com
koblak@hinshawlaw.com

131282628v1 0982499

**CERTIFICATE OF SERVICE**

      I, Katherine H. Oblak, an attorney, certify that I shall cause to be served a copy of **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** upon the following individual(s), by deposit in the U.S. mail box at 222 North LaSalle Street, Chicago, Illinois 60601, postage prepaid, messenger delivery, Federal Express, facsimile transmitted from (312) 704-3001, or electronically via the Case Management/Electronic Case Filing System ("ECF") as indicated, this on February 29, 2016.

| | | |
|---|---|---|
| __X_ | CM/ECF | *Attorneys for Plaintiff(s)* |
| ____ | Facsimile | Celetha C. Chatman |
| ____ | Federal Express | Michael J. Wood |
| ____ | Messenger | COMMUNITY LAWYERS GROUP, LTD. |
| | | 73 W. Monroe St., Suite 502 |
| | | Chicago, IL  60603 |
| | | Phone: (312) 757-1880 |
| | | Fax: (312) 265-3227 |
| | | cchatman@communitylawyersgroup.com |
| | | mwood@communitylawyersgroup.com |

Nabil G. Foster  
Katherine H. Oblak  
David M. Schultz  
HINSHAW & CULBERTSON LLP  
222 North LaSalle Street, Suite 300  
Chicago, IL 60601-1081  
Telephone:312-704-3000  
Facsimile:312-704-3001  
nfoster@hinshawlaw.com  
koblak@hinshawlaw.com  
dschultz@hinshawlaw.com  

*/s Katherine H. Oblak*  
Katherine H. Oblak  
One of the Attorneys for Defendants

131282628v1 0982499